UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 09-61882-CIV-MORENO**

RUBY ROBINSON CO., INC.,

      Plaintiff,

vs.

NATURE'S FRESH CHOICE, INC.,

      Defendant.

_____/

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

THIS CAUSE came before the Court upon Plaintiff's *Ex Parte* Motion for Temporary Restraining Order **(D.E. No. 5)**, filed on **November 25, 2009**.

THE COURT has considered the motion and the pertinent portions of the record.

Plaintiff brought this action for declaratory relief and to enforce the trust provisions under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Plaintiff alleges it sold and delivered to Defendant $28,813.10 worth of wholesale quantities of produce, all of which remains unpaid. Plaintiff claims that Defendant has not disputed the amount owed and has advised Plaintiff that it us unable to pay. Plaintiff now seeks to temporarily restrain and enjoin Defendant from dissipating the PACA trust assets on an *ex parte* basis.

The Court may grant an *ex parte* temporary restraining order only if: (1) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

required. Fed. R. Civ. P. 65(b)(1). Moreover, the Court has subject matter jurisdiction to enter a temporary restraining order pursuant to PACA only if Plaintiff complied with PACA's notice requirement.

Plaintiff's application for a temporary restraining order suffers from multiple deficiencies. First, although Plaintiff submitted an affidavit prepared by its General Counsel, Roger Feldgreber, Plaintiff's General Counsel does not appear to have personal knowledge of the facts. For instance, the affidavit states,

> We have had several conversations with Armando Romero, the principal of Nature's Fresh, about the debt owed to Ruby Robinson. He has never disputed the debt during any of our conversations. Mr. Romero has repeatedly informed us that Nature's Fresh's business has been slow and that it was having severe cash flow problems....Our last conversation with Mr. Romero occurred on November 17, 2009. Mr. Romero told our president that he was not sure he could ever pay Ruby Robinson. He also said that he was paying the creditors he gave personal guarantees to before paying Ruby Robinson.

Feldgreber Aff. ¶¶ 11, 12. The Court must be able to determine who is attesting to the facts supporting the motion, but the Court simply cannot determine whom the affidavit refers to (and thus who has personal knowledge of the facts) by "we," "our," and "us." Moreover, the affidavit states that Defendant made numerous statements to Plaintiff's president, but Plaintiff's president has not submitted an affidavit. As the person with the actual knowledge of these statements, Plaintiff's president must submit a sworn statement.

In addition, although the affidavit claims that Plaintiff preserved its interest in the trust by timely delivering invoices with the language required by PACA, the copies of the invoices attached to the affidavit are too illegible to determine whether sufficient notice was given. Specifically, the print at the bottom of the invoices, which presumably contains the required PACA trust language,

is too small for the Court to read.  Accordingly, it is

**ADJUDGED** that

1.     The Court reserves ruling to give Plaintiff the opportunity to rectify the above deficiencies.

2.     Plaintiff shall submit a separate sworn affidavit for each person with personal knowledge of the facts supporting Plaintiff's motion for a temporary restraining order.

3.     Plaintiff shall submit clearer copies of the invoices it claims it delivered to Defendant. If Plaintiff cannot do so using CM/ECF, Plaintiff may conventionally file the invoices with the Clerk's office.

4.     Plaintiff shall submit the foregoing no later than **December 9, 2009**.  The failure to comply will result in the motion for temporary restraining order being denied.

DONE AND ORDERED in Chambers at Miami, Florida, this _27_ day of December, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-3-